No. 981. FELBER *v.* ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK. App. Div., Sup. Ct. N. Y., 1st Jud. Dept. Certiorari denied. *Philip J. Ryan* for petitioner. *John G. Bonomi* for respondent.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

Petitioner, a lawyer, was automatically disbarred in 1941 solely on the basis of a trial court's conviction for larceny and forgery. This conviction was held void and set aside by an appellate court which finally ended the criminal case. After dismissal of the criminal case, petitioner moved for reinstatement to the Bar. The matter was referred to a referee, who, relying on the same testimony which the appellate court held could not legally support petitioner's conviction, denied reinstatement. In so doing, the referee expressly noted that petitioner had the burden of proving that he was morally fit for readmission to the Bar, although the burden of proof would have been on the Bar in making an original charge against a lawyer. The Appellate Division accepted the referee's recommendation, and the Court of Appeals denied petitioner permission to appeal on the ground that the judgment lacked "finality." On three subsequent occasions petitioner again moved for reinstatement, but each time was turned down by the Appellate Division without an opinion and denied permission to appeal by the Court of Appeals on the ground of no "final judgment," although it has disbarred him for 25 years. On the last occasion petitioner presented the state courts with the constitutional issues which he now urges this Court to review and decide in his favor.

For over 25 years petitioner has been unable to pursue his vocation because of a void criminal conviction, a manifest distortion of justice. The question presented is whether the State, having disbarred petitioner auto-

matically on the basis of a conviction for crime subsequently voided, can perpetuate his disbarment on the basis of the identical evidence offered to convict him. There are at least two reasons why the State should not be allowed to do this. First, the moment petitioner's conviction was reversed, his continued disbarment was supported by absolutely no evidence. This was a clear deprivation of due process of law and made the disbarment at that time as void as the criminal conviction. *Konigsberg* v. *State Bar,* 353 U. S. 252; see *Thompson* v. *City of Louisville,* 362 U. S. 199. Second, it is no answer to suggest, as does respondent, that this denial of due process was somehow remedied when the referee, after a hearing, denied petitioner's motion for reinstatement. This shifted to petitioner the burden to prove his innocence, because in New York there is apparently a tremendous difference between defending a disbarment charge and prosecuting a motion for reinstatement to the Bar. Where the Bar prosecutes for disbarment, the burden of proof is on the Bar Association; but where, as here, the lawyer asks reinstatement, the burden of proof is on him. Moreover, when a lawyer is initially disbarred, he may appeal the Appellate Division's decision to the Court of Appeals; but when a lawyer's motion for reinstatement is denied, the Court of Appeals is without jurisdiction to hear an appeal because the denial is not a "final judgment." Thus, for 25 years (long enough one would think to be final) the Court of Appeals has refused to review the orders denying petitioner readmission to the Bar. There may be valid reasons for fastening greater procedural burdens on a disbarred lawyer seeking reinstatement than on a lawyer defending a disbarment action. But where the difference in status, as here, is solely attributable to a void conviction for crime, the difference in treatment is itself violative of equal protection and further aggravates the

initial deprivation of due process, a disbarment based on no evidence.

For these reasons I dissent from the denial of certiorari in this case.